UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIQUE MERRIMAN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>REBECCA LOVE, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-1443 TLN CKD P<br><br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

    Plaintiff is a California prisoner proceeding pro se and in forma pauperis with an action for violation of civil rights under 42 U.S.C. § 1983. Defendants Love and Sullivan (defendants) have filed a motion to dismiss.

    With their motion to dismiss, defendants provide several exhibits and ask that the court take judicial notice of them. The court does not take judicial notice of exhibits. The court will notice, among other things, facts which "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Because defendants fail to point to any facts which should be judicially noticed, their request for judicial notice will be denied.

    Defendants assert dismissal is warranted because plaintiff "falsely alleged poverty in his application to proceed in forma pauperis." In his application (ECF No. 2), plaintiff indicated he had not received any money in the twelve months preceding the filing of the application.

1  Plaintiff's inmate trust account statement (ECF No. 4), obtained by the court pursuant to
2  plaintiff's request to proceed in forma pauperis, reveals that his account was credited $6,000 on
3  June 17, 2019 with a notation which suggests the $6000 was given to plaintiff as part of a
4  settlement agreement.  The trust account also indicates that all of that money was taken from
5  plaintiff's account that same day to satisfy an "administrative fee" with the remainder being
6  applied to restitution owed by plaintiff.

7  Assuming the $6,000 can be characterized as money received by plaintiff, it is clear that
8  plaintiff's receipt of those funds as part of a settlement agreement and the immediate confiscation
9  of the funds by the State of California is not material to this court's determination as to whether
10 plaintiff should be permitted to proceed in forma pauperis.  Nothing before the court suggests that
11 plaintiff's omission of the receipt of the $6,000 was the result of plaintiff attempting to deceive
12 the court.  The court was aware that $6,000 had been credited to plaintiff's account, and
13 immediately debited for pre-existing obligations, when the court conducted its review of the
14 statement in connection with his in forma pauperis application.

15 Defendants also point to filings made by plaintiff in 2:16-cv-2030 JAM EFB P (ECF No.
16 26 at 35-43), which defendants assert show that plaintiff has assets which he did not disclose in
17 his in forma pauperis application in the current case.  The documents referenced are completed
18 "Undertaking by Personal Sureties" forms provided by the Judicial Counsel of California for use
19 in California actions.  While not entirely clear, plaintiff appears to claim in the forms that he has
20 assets which could be forfeited to defendants in the event plaintiff was found to wrongfully attach
21 property.  As best the court can tell, it appears plaintiff's "assets" are future proceeds to be
22 obtained from litigation, poems, artwork, music, movies scripts, etc.  There is no evidence that
23 such proceeds were ever actually obtained, with the exception of the $6,000 settlement discussed
24 above.

25 Because defendants fail to point to anything which reasonably suggests that plaintiff
26 "falsely alleged poverty in his application to proceed in forma pauperis," defendants' motion to
27 dismiss should be denied.

28 /////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' request for judicial notice (ECF No. 26) is denied.

IT IS HEREBY RECOMMENDED that defendants' motion to dismiss (ECF No. 25) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  August 14, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
merr1443.mtd

3